UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

TIMOTHY L. PARKER                                                           PLAINTIFF

v.                                             CIVIL ACTION NO. 1:21-CV-P41-GNS

WARREN COUNTY REGIONAL JAIL *et al.*                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims, allow others to proceed, and allow Plaintiff to file an amended complaint.

**I. SUMMARY OF COMPLAINT**

Plaintiff Timothy L. Parker is incarcerated as a convicted prisoner at the Warren County Regional Jail (WCRJ). He names the WCRJ, Southern Health Partners (SHP), WCRJ Jailer Stephen Harmon, and Nurse Jana Marples as Defendants in this action. Plaintiff sues Defendants Harmon and Marples in their official capacities only.

Plaintiff alleges that by December 23, 2020, "COVID-19 was circulating through the Jail" and that on December 28, 2020, he learned that he was housed in a cell with two inmates who had tested positive for COVID-19. Plaintiff states that after these two inmates tested positive, Defendants Harmon and Marples ignored "all preventative measures and CDC guidelines by not removing the two positives from the cell/dorm and placing the dorm on lockdown trapping the 10 other people who were not infected with the two inmates who tested positive." Plaintiff states that he and his cellmates took another COVID test and were informed on January 20, 2021, that they had all tested positive for COVID-19. Plaintiff alleges that the

deliberate indifference of Defendants Harmon and Marples to the originally uninfected cellmates' safety, including Plaintiff's, caused these inmates to become infected with COVID-19.

Plaintiff next alleges that between January 1, 2021, and February 20, 2021, he "put in 7 sick call slips . . . complaining of COVID-19 symptoms never to be seen or treated, and have discovered that [Defendant] Marples is lying, forging documents, and writing false reports saying she saw inmates when in fact she has not." Plaintiff continues, "I became severely ill in January 2021 never to be seen with remaining effects of loss of taste and smell and ongoing kidney problems [which] I believe . . . are directly a result of contracting COVID-19 and not being properly monitored or treated."

Plaintiff also alleges that Defendants violated his rights under "HIPPA" by announcing that he had contracted COVID-19 in the presence of other inmates.

As relief, Plaintiff seeks damages as well as his immediate release from incarceration.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. Eighth Amendment Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Based upon Plaintiff's allegations, <u>the Court will allow Eighth Amendment claims of deliberate indifference to Plaintiff's safety to proceed against Defendant SHP and against Defendants Harmon and Marple in their official capacities</u>.

The Court will also allow Plaintiff to amend the complaint to sue Defendants Harmon and Marple in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). <u>If Plaintiff so amends his complaint, the Court will allow Eighth Amendment claims of deliberate indifference to Plaintiff's safety to proceed against these Defendants in their individual capacities and an Eighth Amendment claim of deliberate indifference to Plaintiff's serious medical needs to proceed against Defendant Marple in her individual capacity</u>.

Because municipal departments, such as jails, are not suable under § 1983, *see Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000), the

4

Court will direct the Clerk of Court to terminate the WCRJ as a party to this action. In so doing, the Court notes that a claim is already proceeding against Warren County in the form of Plaintiff's official-capacity claim against Defendant Harmon. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

### B. HIPAA Claim

The Court next turns to Plaintiff's claim that Defendants violated his rights under the Health Information Portability and Accountability Act (HIPAA), Pub. L. No. 104-191, § 264, 110 Stat. 1936 (1996), by announcing that he had contracted COVID-19 in the presence of other inmates. HIPPA governs the confidentially of medical records and regulates how certain entities can disclose protected information. Private citizens, however, have no standing to sue a covered entity for a violation of HIPAA. *See Faber v. Ciox Health*, *LLC*, 944 F.3d 593, 596-97 (6th Cir. 2019) ("HIPPA doesn't authorize a private cause of action."). Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### C. Claim for Injunctive Relief

As to Plaintiff's request that he be immediately released from incarceration, the Court observes that he cannot seek such relief in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Therefore, this claim will also be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED that Plaintiff's claims against the WCRJ, his HIPAA claims, and his claim for injunctive relief are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

The **Clerk of Court** is **DIRECTED** to **terminate the Warren County Regional Jail as a party to this action**.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, **Plaintiff may file an amended complaint in which he sues Defendants Harmon and Marples in their individual capacities.** To this end, the **Clerk of Court** is **DIRECTED** to send Plaintiff the second page of his complaint (DN 1) with the words "Amended Complaint" and this case number written in the margin.

The Court will enter a Service and Scheduling Order to govern the claims it is allowing to proceed once the 30-day period for filing an amended complaint has expired.

Date: May 28, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Warren County Attorney
4416.011