UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**TIMOTHY L. PARKER**     **PLAINTIFF**

**v.**     **CIVIL ACTION NO. 1:21-CV-P41-GNS**

**WARREN COUNTY REGIONAL JAIL** *et al.*     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on a motion for summary judgment by Defendants Southern Health Partners, Barry Dority, and Jana Marple[1] (DN 54), a motion for summary judgment by Defendant Stephen Harmon (DN 57), and a cross-motion for summary judgment by *pro se* Plaintiff Timothy L. Parker (DN 55). For the following reasons, Defendants' motions for summary judgment will be granted, and Plaintiff's motion for summary judgment will be denied.

**I**.

      Plaintiff initiated this 42 U.S.C. § 1983 civil-rights action when he was incarcerated as a convicted prisoner at Warren County Regional Jail (WCRJ) by filing a complaint signed under penalty of perjury (DN 1). He attached to the complaint a "supplemental brief" which was not signed under penalty of perjury (DN 1-3). The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed Plaintiff's claims against the WCRJ but allowed Eighth Amendment claims of deliberate indifference to Plaintiff's safety to proceed against Defendant Southern Health Partners (SHP) and Defendants WCRJ Jailer Stephen Harmon and SHP Nurse Jana Marple in their official capacities (DN 6). The Court also permitted Plaintiff to file an amended complaint in which he sued Defendants Harmon and Marple in their individual capacities. Plaintiff filed such an amended complaint (DN 9) and, upon review, the Court allowed

---

[1] Although Plaintiff indicates that this Defendant's last name is "Marples," Defendants refer to her as "Jana Marple."

Eighth Amendment claims of deliberate indifference to Plaintiff's safety to proceed against Defendants Harmon and Marple in their individual capacities and an Eighth Amendment claim of deliberate indifference to Plaintiff's serious medical needs to proceed against Defendant Marple in her individual capacity (DN 11). Plaintiff subsequently filed a motion for leave to amend the complaint to add Barry Dority, a SHP nurse practitioner, as a Defendant in this action (DN 23). Upon consideration, the Court granted Plaintiff's motion and allowed Eighth Amendment claims for deliberate indifference to Plaintiff's safety and his serious medical needs to proceed against Defendant Dority in both his official and individual capacities (DN 29).

### A.

The Court allowed the above claims to proceed based on the following allegations in the complaint and second amended complaint. In the complaint, Plaintiff alleged that by December 23, 2020, "COVID-19 was circulating through the Jail when my 12 man dorm . . . was tested for the 1st time" and that on December 28, 2020, the test results came back and showed that two of the inmates in Plaintiff's cell had COVID-19 (DN 1). Plaintiff stated that after these two inmates tested positive Defendants Harmon and Marple ignored "all preventative measures and CDC guidelines by not removing the two positives from the cell/dorm and placing the dorm on lockdown trapping the 10 other people who were not infected with the two inmates who tested positive." (*Id.*). Plaintiff alleged that he and his cellmates took a COVID test and were informed on January 20, 2021, that they had all tested positive for COVID-19. Plaintiff alleged that the deliberate indifference of Defendants Harmon and Marple to the originally uninfected cellmates' safety, including Plaintiff's, caused these inmates to become infected with COVID-19.

Plaintiff next alleged that between January 1, 2021, and February 20, 2021, he "put in 7 sick call slips . . . complaining of COVID-19 symptoms never to be seen or treated, and have

discovered that [Defendant] Marple is lying, forging documents, and writing false reports saying she saw inmates when in fact she has not." (*Id*.). Plaintiff also stated, "I became severely ill in January 2021 never to be seen with remaining effects of loss of taste and smell and ongoing kidney problems [which] I believe . . . are directly a result of contracting COVID-19 and not being properly monitored or treated." (*Id*.). In a supplemental brief filed in support of his complaint, which was not signed under penalty of perjury, Plaintiff additionally alleged that "[t]wo grievances were filed directly on [Defendant] Marple only to have [her] answer them herself excusing her behavior." (DN 1-3).

Finally, in the second amended complaint (DN 23), which was not signed under penalty of perjury, Plaintiff alleged that Defendant Dority "conspired with Steve Harmon and Jana Marple in ignoring sick call slips, reporting false documents indicating inmates were asymptomatic, and showed deliberate indifference in lying to inmates about test results and him and Steve Harmon falsifying reports on Jan. 8, 2021."

**B.**

Defendants SHP, Dority, and Marple have filed a motion for summary judgment arguing that they are entitled to judgment in their favor because Plaintiff has not presented evidence which shows that they were deliberately indifferent to Plaintiff's needs and that, alternatively, they are entitled to qualified immunity (DN 54). These Defendants also filed an addendum to their motion for summary judgment, which was docketed as a reply, in which they argue that Plaintiff failed to exhaust his administrative remedies for the reasons set forth in Defendant Harmon's motion for summary judgment (DN 68).[2]

---

[2] Although Plaintiff was provided the opportunity to respond to this addendum, he did not.

Defendant Harmon has filed a motion for summary judgment (DN 57) arguing that Plaintiff's claims against him must be dismissed because Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a); because Plaintiff has failed to present any affirmative evidence which creates a genuine issue of material fact as to whether Defendant Harmon was deliberately indifferent to Plaintiff's health and safety as a matter of law; and because the evidence shows that Defendant Harmon is entitled to qualified immunity.

In support of the exhaustion argument, Defendant Harmon relies upon his own affidavit in which he avers that WCRJ had a grievance policy in effect all times during Plaintiff's incarceration there which is set forth at the top of every grievance form. (DN 57-2, ¶ 5). Defendant Harmon also attaches a grievance submitted by Plaintiff on February 11, 2021. (DN 57-4). The language at the top of this grievance form states as follows:

> All grievances must be filed within forty-eight (48) hours of the event or act that you are complaining about. The Jailer or his/her designee will respond to the grievance within ten (10) days from its receipt. In the event that you do not receive a response within ten (10) days then your grievance has been denied. If you are not satisfied with the initial response to your grievance, you may appeal to the Jailer or his/her designee within forty-eight (48) hours of the initial response. The Jailer or his/her designee will respond to your appeal within ten (10) days. If you do not receive a response within ten (10) days, the appeal has been denied.

(*Id.*).

In the grievance, Plaintiff sets forth his concerns about Defendant Marple ("Nurse Jana") "lying about treating inmates, ignoring our health and dismissing sick calls slips. . . ." (*Id.*). The grievance forms shows that Defendant Marple responded to the grievance on February 15, 2021, as follows:

> Seen on 2/12/21, lab + x-ray ordered as well as IBU. Nobody is purposefully ignoring medical requests these are done in order received. I/M came to medicine cart during med pass to circumvent sick call process and was redirected to cell. Med pass requires focused concentration and is not the time for sick call.

4

(*Id.*).

In his affidavit, Defendant Harmon avers that this grievance is the only grievance submitted by Plaintiff regarding the allegations set forth in the complaint and that Plaintiff never appealed Defendant Marple's response to this grievance in accordance with the grievance procedure set forth above. (DN 57-2, ¶¶ 6-7). He further avers that Plaintiff never submitted any grievance regarding Plaintiff's allegations against Defendant Harmon. (*Id.* at ¶ 8).

In Plaintiff's motion for summary judgment, he outlines the substantive reasons he believes he is entitled to summary judgment (DN 57). He attaches to his motion several sick call slips and the grievance he filed on February 11, 2021. In the motion, Plaintiff states that he actually filed a prior grievance pertaining to his "COVID related complaints" in January 2021 but that "defendants could not produce [it]." (DN 55, p. 9). He then writes, "Another conveniently lost document that supports the plaintiffs complaint of negligence, deliberate indifference, and cover up of the medical care provided by [SHP] led by Jana Marples." (*Id.*). In Plaintiff's response to Defendants' motions for summary judgment, he reiterates the substantive reasons why he believes he is entitled to judgment as a matter of law but does not again address the exhaustion issue.

## II.

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts

demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Yet statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

**III.**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or

other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court, interpreting § 1997e, has expressly stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Failure to exhaust administrative remedies is an affirmative defense, *id.* at 216, which the defendant has the burden to plead and prove by a preponderance of the evidence.

The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. at 532. To meet this requirement, an inmate must "properly exhaust" his remedies, which requires strict compliance with the grievance process provided by the prison. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must have presented his grievance(s) "through one complete round" of the established administrative process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *overruled in part on other grounds by Woodford v. Ngo*, 548 U.S. at 87. "[A]n inmate does not exhaust available administrative remedies . . . when the inmate filed such a grievance but 'did not appeal the denial of that complaint to the highest possible administrative level[.]" *Id*. (quoting *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). "'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Woodford v. Ngo*, 548 U.S. at 87 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). An inmate must demonstrate that he

7

has exhausted all available administrative remedies; when he fails to do so, dismissal of the complaint is appropriate. *See, e.g.*, *Burden v. Price*, 69 F. App'x 675, 676 (6th Cir. 2003).

Upon consideration of the evidence presented, the Court finds that Defendants have met their burden of establishing that Plaintiff failed to exhaust his administrative remedies before initiating this action. The burden thus shifts to Plaintiff to produce specific facts demonstrating a genuine issue of material fact for trial on the issue of exhaustion. Plaintiff does not argue or present any evidence that shows he filed an appeal of Defendant Marple's response to his February 11, 2021, grievance in accordance with the WCRJ grievance process. Moreover, although he does argue that he filed an earlier grievance regarding the allegations set forth in the complaint in "January 2021" in both his supplemental brief to the complaint and his motion for summary judgment, these documents are unsworn and cannot be considered as evidence in resolving a motion for summary judgment. *See Evans v. Vinson*, 427 F. App'x 437, 442 (6th Cir. 2011) (holding that *pro se* plaintiff's unsworn response in opposition to a motion for summary judgment did not constitute evidence that could be considered in resolving that motion).[3] In addition, even if Plaintiff had presented admissible evidence showing that he filed a prior grievance, he does not argue or present any evidence that he fully exhausted his administrative remedies with regard to that grievance either.

Thus, the Court concludes that no genuine issue of material fact exists as to whether Plaintiff exhausted his administrative remedies and that Defendants, therefore, are entitled to judgment as a matter of law. Because the Court is granting summary judgment to Defendants based upon Plaintiff's failure to exhaust his administrative remedies, the Court need not address

---

[3] The Court additionally observes that although Plaintiff seems to reference an earlier filed grievance in his February 11, 2021, grievance, this cannot be considered as evidence that Plaintiff filed an earlier grievance since it is also unsworn. *See, e.g.*, *Alexander v. Forr*, 297 F. App'x 102, at *105 n.2 (3rd Cir. 2008) ("It goes without saying that prison grievances are not evidence of the allegations they contain.").

Defendants' additional arguments regarding the merits of Plaintiff's claims or their entitlement to qualified immunity.

### IV.

For the foregoing reasons, **IT IS ORDERED** that Defendants' motions for summary judgment (DNs 54 & 57) are **GRANTED** and that Plaintiff's motion for summary judgment (DN 55) is **DENIED.**

Date: September 1, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
      Counsel of record
4416.011

9